Affirmed and Memorandum Opinion filed February 12, 2004















Affirmed and
Memorandum Opinion filed February 12, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00258-CR

_______________

 

FREDERICK ALEXANDER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

______________________________________________

 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 861,120

______________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Frederick Alexander appeals a
conviction for aggravated robbery with a deadly weapon[1] on the
ground that his guilty plea was not entered voluntarily and knowingly in
violation of the United States and Texas
Constitutions.  We affirm.

            Appellant’s first and second issues
argue that his guilty plea was involuntary in that his trial counsel provided
ineffective assistance in advising appellant to enter the plea because counsel
was unprepared to go to trial after the trial court denied his motion for
continuance to locate potentially exculpatory witnesses.

 class=Section2>

            A guilty plea may not be accepted by
a court unless it appears to be free and voluntary.  Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp.
2004).  An accused is entitled to
effective assistance of counsel during the plea bargaining process.  See
Hill v. Lockhart, 474 U.S. 52, 58
(1985).  To successfully challenge the voluntariness of a guilty plea based on ineffective
assistance of counsel, an appellant must show that his counsel’s performance
was: (1) deficient, i.e., it fell
below an objective standard of reasonableness; and (2) prejudicial, i.e., there is a reasonable probability
that, but for counsel’s errors, he would not have pleaded guilty, but would
have instead insisted on going to trial. 
Id. at 58-59; Ex parte Moody,
991 S.W.2d 856, 857-58 (Tex. Crim. App.
1999).  Ineffective assistance claims
must be affirmatively demonstrated in the record.  Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002).  To
overcome the presumption that a challenged action or omission might be
considered sound strategy, the record must ordinarily reflect the reasons why
counsel took or failed to take the action. 
See Rylander
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

            In this case, appellant signed a
guilty plea document stating, among other things, that “I am satisfied that the
attorney representing me today in court has properly represented me and I have
fully discussed the case with him.” 
Appellant also signed a sworn waiver stating, among other things, that
“I consulted with my attorney before entering this plea; . . . . [M]y plea is
freely and voluntarily made. . . . I am totally satisfied with the
representation provided by my counsel and I received effective and competent
representation.”

            By contrast, the record contains no
evidence of appellant’s counsel being unprepared, how he advised appellant with
regard to the guilty plea, or his reasons for doing so.  Nor does the record support appellant’s claim
that his trial counsel stated that he could not go forward without interviewing
certain witnesses for whom the State allegedly failed to provide addresses and
telephone numbers.  Instead, at the
hearing on the motion for continuance and request for Brady[2]
information, counsel requested the addresses and telephone numbers of 

 class=Section3>

five
witnesses he felt were material and necessary and stated that he believed that one
witness, Diane Dannon, had received exculpatory
statements regarding appellant.  The
prosecutor replied that two of the five mentioned witnesses would testify at
trial and that he did not know the whereabouts of the remaining witnesses and
had never heard of Diane Dannon.  The trial court then denied the motion for
continuance, and the record contains no evidence of what testimony any of the
foregoing witnesses might have provided.

            Appellant also disputes counsel’s
effectiveness with respect to advising him to plead guilty because counsel
allegedly discovered Brady evidence
relating to witness Erica Parker at the sentencing hearing and thus only after
advising appellant to enter the guilty plea. 
On the contrary, however, at the sentencing hearing, counsel objected to
the presentence investigation report for failing to
mention that witness Erica Parker was arrested during the proceedings and might
have received preferential treatment in that regard.  Counsel believed that this would discredit her
statement by showing a motivation for cooperating with the State.  The record contains no evidence that counsel
learned of Parker for the first time at the sentencing hearing, but, if
anything, that he was already familiar with her in that he was prepared to lodge
the objection.  Because appellant’s two
issues thus fail to substantiate any of his claims of involuntariness or
ineffective assistance, they are overruled, and the judgment of the trial court
is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed February 12, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











[1]           Appellant pled guilty, and the
trial court sentenced him to 30 years confinement.





[2]           See Brady
v. Maryland, 373 U.S. 83, 87
(1963) (holding that the prosecution’s suppression, upon request, of evidence
favorable to an accused violates due process where the evidence is material to
guilt or punishment).