Affirmed and Memorandum Opinion filed May 29, 2008








Affirmed and Memorandum Opinion filed May 29, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00586-CR

____________

 

BARON ANTONIO WHITE , Appellant

 

V.

 

THE STATE OF TEXAS , Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1101768

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Baron Antonio White, pleaded guilty to
aggravated robbery with a deadly weapon without an agreed recommendation on
punishment, and the trial court sentenced him to thirty years= imprisonment.  In
two issues, appellant claims that: (1) he was denied effective assistance of
counsel; and (2) the trial court erred in denying his motion for new trial.  We
affirm.








BACKGROUND

On October 26, 2006, appellant robbed Ronald Yeatts at
gunpoint, stealing his wallet and truck, while Yeatts was putting gas in his
truck at a gas station.  Appellant was later detained and charged as a
juvenile.  The juvenile court waived its jurisdiction, and the case was
transferred to district court, where appellant was charged by indictment for
aggravated robbery with a deadly weapon.  Appellant pleaded guilty to the
offense as alleged in the indictment without an agreed recommendation.  The
trial court found appellant guilty of aggravated robbery and reset the case for
a punishment hearing.  After hearing testimony and reviewing the presentence
investigation (APSI@) report, and
appellant=s juvenile and medical records, the trial court
sentenced appellant to 30 years= imprisonment.  On appeal, appellant
argues that: (1) he was denied effective assistance of counsel during the
punishment phase; and (2) the trial court erred by denying his motion for new
trial based on ineffective assistance of counsel.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, appellant asserts that he was denied effective
assistance of counsel because his trial attorney failed to investigate his
mental health history and failed to offer mitigating evidence of an alleged
mental illness.  To prove ineffective assistance of counsel, appellant must
demonstrate that: (1) his counsel=s performance was
deficient because it fell below an objective standard of reasonableness; and
(2) there was a reasonable probability that, but for counsel=s errors, the
result of the proceeding would have been different.  Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Salinas
v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  In the context of a
guilty plea, appellant satisfies the second prong of the Strickland test
if he shows there is a reasonable probability that but for counsel=s errors, he would
not have pleaded guilty, but rather insisted on going to trial.  Ex parte
Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999).    








There is a strong presumption that counsel=s conduct fell
within the wide range of reasonable professional assistance, and we will
sustain allegations of ineffectiveness only if they are firmly founded in the
record.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
We also indulge a strong presumption that counsel=s actions were
motivated by sound trial strategy, and we will not conclude the action was
deficient unless it was so outrageous that no competent attorney would have
engaged in such conduct.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001), cert. denied, 537 U.S.1195, 123 S.Ct. 1351, 154 L.Ed.2d
1030 (2003).  We look to the totality of the representation and not to isolated
instances of error or to only a portion of the proceedings.  Id.   In
the absence of evidence regarding counsel=s reasons for the
challenged conduct, the record on direct appeal is simply undeveloped and
cannot adequately reflect the alleged failings of trial counsel.  Freeman v.
State, 125 S.W.3d 505, 506-507 (Tex. Crim. App. 2003).

Appellant argues that trial counsel=s performance
amounted to ineffective assistance because he failed to: (1) request a
psychiatric or psychological examination to determine appellant=s competency and
sanity; and (2) call a mental health expert and other mitigating witnesses
regarding his mental health history during the punishment hearing.  With
respect to appellant=s complaint that trial counsel failed to
request a mental health examination to determine his competency and sanity, the
record affirmatively contradicts his allegations.  There is evidence that,
before appellant=s guilty plea, his mental health was
examined to determine his competency.  The mental/psychological report
acknowledged appellant=s two previous suicide attempts, but
indicated that appellant=s thought processes were logical and
coherent.  The report diagnosed appellant with disruptive behavior disorder,
mood disorder, and cannabis dependence.  The report concluded that appellant
did not suffer from a significant mental illness or defect which would preclude
him from participating in the legal process.  Accordingly, appellant=s complaint that
no mental evaluation was performed is without merit. 








Even if no mental health examination had been performed,
there is no evidence in the record warranting the need of such examination. 
While appellant=s medical records reveal a history of
depression, there is no evidence of a mental illness rendering appellant legally
incompetent or insane.  In fact, appellant testified that he knew his criminal
acts were dangerous and wrong at the time he committed them and had committed
the robbery to Aget away and find somewhere to sleep.@  During his
criminal proceedings, appellant was remorseful and took full responsibility for
his actions.  Because appellant=s mental health was examined and because
there is no evidence in the record that appellant suffered from a mental
illness rendering him legally incompetent or insane justifying the need for
examination, appellant has failed to discharge his burden to affirmatively
demonstrate the alleged ineffectiveness of his counsel=s representation. 








Appellant also argues that he received ineffective
assistance because trial counsel failed to present a mental health expert and
other mitigating evidence regarding appellant=s mental health. 
During his testimony at the punishment hearing, appellant took full
responsibility for his acts, was remorseful, and testified that he had learned
from the incident.  Joe De La Cerda, Jr., a retired police officer and mentor
to appellant, testified that appellant possibly committed the crime because his
mother abandoned him at an early age.  Cynthia White, appellant=s grandmother,
testified that appellant suffered from depression due to his mother=s abandonment and
attempted suicide twice.  She also indicated that appellant exhibited severe
behavioral problems as a teenager and committed criminal offenses as a juvenile
prior to the instant case.  The psychological examination was also introduced
as evidence during the punishment hearing.  The examination indicated that
appellant previously suffered from depression and diagnosed appellant with mood
and behavior disorders.  The PSI report and appellant=s medical reports
were introduced, detailing appellant=s suicide attempts
and history of depression.  The record affirmatively reveals that defense counsel offered mitigating
evidence referencing appellant=s bout with depression and other emotional issues.  Because
trial counsel produced mitigating testimony, medical records, and the PSI
report, there may have been strategic reasons for not introducing additional
mitigating evidence; however, we may not speculate on counsel=s motives in the face of a silent
record.  See Thompson, 9 S.W.3d at 814.  Additionally, the record does not
indicate whether other mitigating witnesses, including a mental health expert,
were available to testify, or that their testimony would have been favorable to
appellant. Appellant does not cite us any evidence illustrating that favorable
mitigating evidence actually existed.  See Bone v. State, 77 S.W.3d 828,
836-37 (Tex. Crim. App. 2002).  

We also cannot say that counsel=s supposed failure
to request a psychiatric examination and to call a psychiatrist and other
mitigating witnesses affected the outcome.  The record does not reflect what
such an expert=s testimony would have been.  Thus, we are unable to
determine if any failure to employ such an expert or other mitigating witnesses
would have made a difference in appellant=s determination to
plead guilty.  Although appellant insists that he was promised probation by
trial counsel and he would not have pleaded guilty otherwise, appellant
acknowledged that he understood the range of punishment was 5 to 99 years in
prison, that he had the right to proceed to trial before a jury, and that it
was his decision alone to forego a jury trial.  Holding trial counsel
ineffective based on this record would require us to speculate, which we
decline to do.  See Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.CHouston [1st
Dist.] 1996, no pet).  We overrule appellant=s first issue. 

MOTION FOR NEW TRIAL








In his second issue, appellant contends that the trial
court erred in denying his motion for new trial based on ineffective assistance
of counsel at punishment.  Where, as here, a motion for new trial alleges
ineffective assistance of counsel, we must determine whether the trial court=s determination of
the ineffective assistance claim and denial of the motion for new trial were
clearly wrong and outside the zone of reasonable disagreement.  Anderson v.
State, 193 S.W.3d 34, 39 (Tex. App.CHouston [1st
Dist.] 2006, pet. ref=d).  As discussed supra, the record
before us does not support appellant=s ineffective
assistance of counsel complaint.  We overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed May 29, 2008.

Panel consists of
Chief Justice Hedges, Justice Boyce, and Senior Justice Hudson.*

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

 

 

 

 

 

 

 

 

__________________________________________________

* Senior Justice
J. Harvey Hudson sitting by assignment.