**Ex parte Bobby Joe MOODY,
Applicant.**

**No. 73162.**

Court of Criminal Appeals of Texas.

May 12, 1999.

Bobby Joe Moody, Snyder, pro se.

Tom O'Connel, District Attorney, McKinney, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MEYERS, J., delivered the opinion of the court in which MANSFIELD, KELLER, PRICE, WOMACK, JOHNSON, and KEASLER, JJ., joined.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Applicant was convicted of possession of a controlled substance. Pursuant to a plea bargain, the court assessed punishment at fifteen years imprisonment. Appellant did not appeal this conviction.

Applicant was arrested for possession of a controlled substance in Collin County in May of 1995. While on bond, Applicant was also arrested in Collin County for a federal offense committed on October 27, 1995. Applicant was indicted in federal court and taken into federal custody. On May 5, 1996, the federal judge sentenced Applicant to serve 151 months in the Federal Bureau of Prisons and delivered him to a federal holding facility. Prior to serving his federal sentence, Applicant was transferred to Collin County to resolve the instant case.

The district attorney offered a plea bargain, for fifteen years confinement, which made no representations regarding Applicant's federal sentence. Applicant's attorney, after consulting Applicant's federal public defender, informed Applicant that after pleading to the state offense, he would be returned to federal custody to serve both sentences concurrently. Based on his attorney's estimates of federal and state parole eligibility, which indicated that by the time Applicant was released from federal custody he would have little obligation to serve further time on his state charge in the Texas Department of Criminal Justice, Applicant opted to plead guilty.

Applicant was sentenced in the state case on June 14, 1996. Applicant's trial attorney again assured him that his state and federal sentences would run concurrently. After the period for filing a motion for new trial expired, Applicant's attorney learned that Applicant had been transferred to the Texas Department of Criminal Justice and that Applicant's federal sentence would not begin until his release from the state institution and return to federal custody. Applicant now contends his guilty plea was involuntary, due to ineffective assistance of counsel, because he relied on erroneous advice from his attorney.

The trial court entered findings of fact and conclusions of law in which it determined:

Applicant entered his plea after a representation by defense counsel that he would be returned to federal custody after he entered his plea and that the state and federal sentences would run concurrent. This representation was unknown to the Court and not discussed at the formal plea hearing.

Except for the above representations relating to a federal charge, Applicant entered his plea freely, voluntarily and competently.

The State urges that Applicant's plea was voluntary, because the plea bargain did not refer to Applicant's federal sentence and there were no agreements regarding that sentence. We filed and set this application to determine whether Applicant's plea, based on his attorney's erroneous advice without the knowledge or assent of the State or court, was involuntary.

■ When a defendant challenges the voluntariness of a plea entered upon the advice of counsel, contending that his counsel was ineffective, "the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex Parte Morrow,* 952 S.W.2d 530, 536 (Tex.Crim.App.1997), *citing Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203, (1985); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). As with other types of ineffective assistance of counsel claims, Applicant has the burden to show that counsel's performance fell below a reasonable standard of competence and that Applicant would, with a reasonable probability, have pled not guilty and insisted on going to trial had he been properly advised of how his federal and state sentences would interact.

■ First we examine trial counsel's performance. In assessing competence, we have held counsel accountable for knowledge, or the ability to attain knowledge, of relevant legal matters that are neither novel nor unsettled. *Ex Parte Welch,* 981 S.W.2d 183 (Tex.Crim.App. 1998). The manner in which Applicant would serve his sentences is ascertainable, as it is a matter of law. *See generally,* 18 U.S.C. §§ 3585, 3621 (1998); TEX.CODE CRIM. PROC. Art. 42.01. In this case, Applicant was particularly concerned about whether his sentences would run concurrently or consecutively. Counsel had the obligation to provide Applicant with accurate information, and on multiple occasions specifically assured Applicant that he would be transferred to federal custody to serve his two sentences concurrently. We cannot conclude that counsel's mistake regarding the operation of Applicant's sentences was within the range of competence for a criminal attorney.

■ Our next inquiry is whether Applicant's decision to plead guilty was a result of that counsel's deficient advice. We consider the circumstances surrounding the plea and the gravity of the misrepresentation material to that determination. Even

when a defendant wholly relies upon erroneous advice of counsel, the magnitude of the error as it concerns the consequences of the plea is a relevant factor; not every reliance on erroneous advice is sufficient to justify rendering the plea vulnerable to collateral attack. *See Ex Parte Evans,* 690 S.W.2d 274 (Tex.Crim.App.1985) (erroneous advice regarding parole too speculative to invalidate guilty plea.); *see also Ex Parte Morrow,* 952 S.W.2d at 536 (citing cases in which erroneous advice regarding collateral consequences did not render plea involuntary).

■ Applicant alleges that he would not have accepted the plea bargain had he known he would not serve his sentences concurrently. Applicant's state trial counsel attested that under his interpretation of federal and state sentencing law, Applicant's two sentences would expire at approximately the same time if Applicant accepted the fifteen year offer. Applicant's federal trial counsel stated he believes Applicant agreed to plead guilty to the state charges due to the impression that he would serve his sentences concurrently. Based on this testimony, Applicant has met his burden of showing a reasonable probability that, but for counsel's erroneous advice, he would not have pled guilty. The nature of the erroneous information in this case is of such importance, and so critical to his decision, as to cast doubt on the validity of the plea.

Unlike a case in which a defendant relies on erroneous parole eligibility information, which is speculative by nature, the concurrency of Applicant's sentences directly affects the length of his confinement. As the case currently stands, Applicant cannot begin to serve his federal sentence until his release from the Texas Department of Criminal Justice, despite the fact that he chose to plead guilty based on counsel's representation that his federal sentence would begin immediately and run concurrent with his state sentence. While Applicant's estimates of the length of his state

obligation after his release from federal prison are speculative, the date his federal sentence would begin and the representation that his sentences would be concurrent are not.

 The State contends relief should be denied because the State neither made nor ratified the the misrepresentations made to Applicant, and Applicant indicated in open court that he was relying on no promises to induce his plea. The analysis of an involuntary plea claim differs from the analysis of a broken plea bargain claim, in that prosecutorial or judicial participation is not determinative. *Ex Parte Evans*, 690 S.W.2d at 277. Rather, such participation is a factor, considered relevant to whether Applicant met his burden of proof to obtain habeas corpus relief. *See Ex Parte Adams*, 768 S.W.2d 281 (Tex. Crim.App.1989). Neither the prosecutor nor the judge had authority to order Applicant's federal sentence to run concurrent with the state sentence, *see Ex Parte Huerta*, 692 S.W.2d 681 (Tex.Crim.App. 1985).

Relief is granted. We set aside the judgment in cause W219–80878–95 in the 219th Judicial District Court of Collin County and remand Applicant to the Collin County Sheriff to answer the charges against him. Copies of this opinion shall be sent to the Texas Board of Pardons and Paroles as well as the Texas Department of Criminal Justice, Institutional and Parole Divisions.

KELLER, J., delivered a concurring opinion in which MANSFIELD, WOMACK and KEASLER, JJ., joined.

McCORMICK, P.J., concurred only in the result.

HOLLAND, J., did not participate.

KELLER, J., concurring in which MANSFIELD, WOMACK, and KEASLER, JJ. joined.

My understanding of the Court's opinion is that relief is granted on the basis of ineffective assistance of counsel. While an involuntary plea is the prejudice that applicant has suffered that satisfies the prejudice prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an "involuntary plea" does not constitute a freestanding basis for relief absent state action. The Court also distinguishes the present case from cases involving erroneous advice about parole eligibility. I understand the Court's opinion to say that the present case is distinguishable from such cases because the absence of concurrent sentences means that the time served by applicant in prison will *necessarily* be longer than had the sentences been concurrent as applicant was led to believe. Erroneous advice about parole eligibility, on the other hand, does not *necessarily* affect the length of confinement because release on parole is discretionary—the parole board may choose never to release a given inmate on parole. With these understandings, I join the majority opinion.