MEMORANDUM OPINION




Nos. 04-02-00175-CR, 04-02-00176-CR, 04-02-00177-CR, & 04-02-00178-CR



David HOSSEINI a/k/a Motahar Hosseini,


Appellant


 

v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court Nos. 2001-CR-0776, 2001-CR-0777, 2001-CR-1094-A, & 2001-CR-2586


Honorable Raymond Angelini, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: February 5, 2003


AFFIRMED

 Appellant David Hosseini appeals his conviction for aggravated robbery and burglary of a
habitation and sentence of 50 years confinement in the Institutional Division of the Texas Department
of Criminal Justice in four separate causes. Hosseini contends that his guilty plea was not voluntary
because he was not afforded effective assistance of counsel. We affirm.

 The facts in support of the conviction are known to the parties. Accordingly, we address only
those facts and allegations pertinent to Hosseini's sole issue that he was denied effective assistance
of counsel such that his guilty plea was rendered involuntary. Hosseini specifically contends that he
pleaded guilty on the charges because he was reassured by second chair trial counsel that he would
receive a lighter sentence because of her standing with the trial court.

 A guilty plea shall not be accepted by the trial court unless it appears that the defendant is
mentally competent and the plea is free and voluntary. Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon 1989 & Supp. 2003). Once defendant and trial counsel have signed written admonishments,
statements, or waivers, and the trial court has established that the defendant has read and understood
the admonishments, the judge is not required to orally inquire about the voluntariness of the plea.
Cantu v. State, 993 S.W.2d 712, 717 (Tex. App.--San Antonio 1999, pet. ref'd). When the record
shows the trial court properly admonished appellant regarding the consequences of his plea, the
record presents a prima facie showing the defendant entered a knowing and voluntary plea. Cantu,
993 S.W.2d at 716-17. The burden then shifts to the defendant to show the plea was not voluntary.
Id. 

 On appeal from an open plea, the defendant may only challenge the voluntary and intelligent
character of the guilty plea by affirmatively demonstrating that the advice he received from counsel
was deficient. Id. A plea of guilty is not knowingly and voluntarily made if it is made as a result of
ineffective assistance of counsel. Id. 

 When a defendant challenges the voluntariness of a plea contending that his counsel was
ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the
range of competence demanded of attorneys in criminal cases and, if not, (2) whether there was a
reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have
insisted upon a trial on the merits. Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App.
1999) (citing Hill v. Lockhart, 474 U.S. 52 (1985) and Strickland v. Washington, 466 U.S. 668
(1970)). As with any type of ineffective assistance of counsel claim, appellant has the burden to show
that counsel's performance fell below a reasonable standard of competence and that appellant would
have, with reasonable probability, pleaded not guilty and insisted on a trial. See id. The assessment
of whether a defendant received effective assistance of counsel must be made according to the facts
of each case. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Id. Failure to make the required showing of either deficient performance
or sufficient prejudice defeats the ineffectiveness claim. Id. Accordingly, under normal circumstances,
the record on direct appeal will not be sufficient to show that counsel's representation was so
deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that
counsel's conduct was reasonable and professional. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002). 

 The record reflects that Hosseini signed a waiver and consented to stipulated evidence in each
of the causes. These waivers were also signed by his first chair trial counsel. The record in each
cause reflects that Hosseini was admonished both orally and in writing in each cause. Hosseini and
his first chair trial counsel signed the trial court's written admonishments in each cause. At the
hearing, Hosseini was admonished as to the full range of punishment in each cause, his right to jury
trial in each cause, and whether he understood what could happen upon entering his guilty plea. He
was also admonished as to the voluntary nature of his plea:

 [The Court:] Did you know that, by signing these papers, you are giving up your
right to a jury trial in each and every one of these cases, before I just
talked about it?

 [Hosseini:] I'm aware of it.

 [The Court:] That's what you want to do?

 [Hosseini:] Yes, sir.

 [The Court:] Did anybody force or make you do that?

 [Hosseini:] It was my decision.

 [The Court:] Okay, You are doing this of your own free will?

 [Hosseini:] Yes, sir.

 [The Court:] Do you have any questions about any of your rights or giving up any
of these rights?

 [Hosseini:] No, sir. 


Because the record reflects that Hosseini was duly admonished, the burden shifts to him to show his
plea was involuntary. Cantu, 993 S.W.2d at 716-17. 

 Appellant fails to cite or identify facts in the record to support his claim that his plea was
involuntary. Further, we note that appellant did not file a motion for new trial, therefore we do not
have before us evidence in support of appellant's assertions regarding trial counsel's advice.
Accordingly, appellant has failed to show that counsel's advice was not within the range of
competence demanded of attorneys in criminal cases and that there is a reasonable probability that,
but for counsel's errors, he would have pleaded guilty and would have insisted on going to trial.
Because there is nothing in the record to affirmatively demonstrate trial counsel's ineffectiveness such
that appellant's plea was rendered involuntary, we overrule Hosseini's sole issue on appeal. We affirm
the conviction. 


 Alma L. López, Chief Justice




DO NOT PUBLISH