William Lyman Creamer v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-492-CR

NO. 2-02-493-CR

WILLIAM LYMAN CREAMER, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  
Introduction

Appellant entered an open plea of guilty to seven counts of indecency with a child by contact, and the trial court assessed his punishment at twelve years’ confinement.  In two points, appellant complains his guilty plea was involuntary due to ineffective assistance of counsel and that the trial court abused its discretion in assessing his punishment.
  
We affirm.

II.  
Guilty Plea

In his first point, appellant claims that his open plea of guilty was involuntary due to trial counsel’s ineffectiveness in failing to properly advise him regarding the seriousness of the offenses and the unlikelihood that the trial court would assess community supervision.

When an appellant challenges the voluntariness of a plea, contending that his counsel was ineffective, the voluntariness depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.
  Ex parte Moody
, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); 
see also Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  The burden of proof is on the appellant.  
Moody
, 991 S.W.2d at 858. 

To support his claim, appellant directs us to his statement to Kerry Pierce, the pre-sentence investigator, that he hoped to receive a probated sentence and his counsel’s argument to the trial court requesting a probated sentence. However, appellant fails to cite any evidence, either in his motions for new trial or on appeal, detailing deficient conduct by his trial counsel, or showing how his plea was involuntary.  Instead, the record reveals that the trial court properly admonished appellant in writing before he pleaded guilty.  
See
 
Tex. Code Crim. Proc. Ann
. art. 26.13(a) (Vernon Supp. 2004).  Moreover, appellant signed a written waiver of his rights, stating that (1) his counsel had fully explained his wavier of rights and the trial court’s admonishments; (2) his guilty pleas were knowingly, freely, and voluntarily entered; and (3) his counsel provided him fully effective and competent representation with which he was totally satisfied.  Accordingly, appellant has not established that his plea was involuntary due to ineffective assistance of counsel.  We overrule appellant’s first point.

III.  
Punishment

In his second point, appellant claims his twelve-year sentence, although within the proper punishment range, was an abuse of discretion because the evidence showed that he accepted responsibility for his crimes, was anxious to participate in sex offender counseling, and wished to make monetary restitution to those who had suffered as a result of his offenses.  Appellant cites no authority for his contentions; therefore, we will not address them.  
See 
Tex. R. App. P.
 38.1(h); 
Tong v. State
, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 1053 (2001).  We overrule appellant’s second point.   

IV.  
Conclusion

Having overruled appellant’s points, we affirm the judgments of the trial court.

BOB MCCOY 

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 5, 2004 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.