COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-492-CR
NO. 2-02-493-CR

 
 
WILLIAM 
LYMAN CREAMER, JR.                                             APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. 
Introduction
        Appellant 
entered an open plea of guilty to seven counts of indecency with a child by 
contact, and the trial court assessed his punishment at twelve years’ 
confinement. In two points, appellant complains his guilty plea was involuntary 
due to ineffective assistance of counsel and that the trial court abused its 
discretion in assessing his punishment. We affirm.
II. 
Guilty Plea
        In 
his first point, appellant claims that his open plea of guilty was involuntary 
due to trial counsel’s ineffectiveness in failing to properly advise him 
regarding the seriousness of the offenses and the unlikelihood that the trial 
court would assess community supervision.
        When 
an appellant challenges the voluntariness of a plea, contending that his counsel 
was ineffective, the voluntariness depends on (1) whether counsel's advice was 
within the range of competence demanded of attorneys in criminal cases and, if 
not, (2) whether there is a reasonable probability that, but for counsel's 
errors, he would not have pleaded guilty and would have insisted on going to 
trial. Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999); see 
also Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 
(1984). The burden of proof is on the appellant. Moody, 991 S.W.2d at 
858.
        To 
support his claim, appellant directs us to his statement to Kerry Pierce, the 
pre-sentence investigator, that he hoped to receive a probated sentence and his 
counsel’s argument to the trial court requesting a probated sentence. However, 
appellant fails to cite any evidence, either in his motions for new trial or on 
appeal, detailing deficient conduct by his trial counsel, or showing how his 
plea was involuntary. Instead, the record reveals that the trial court properly 
admonished appellant in writing before he pleaded guilty. See Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004). 
Moreover, appellant signed a written waiver of his rights, stating that (1) his 
counsel had fully explained his wavier of rights and the trial court’s 
admonishments; (2) his guilty pleas were knowingly, freely, and voluntarily 
entered; and (3) his counsel provided him fully effective and competent 
representation with which he was totally satisfied. Accordingly, appellant has 
not established that his plea was involuntary due to ineffective assistance of 
counsel. We overrule appellant’s first point.
III. 
Punishment
        In 
his second point, appellant claims his twelve-year sentence, although within the 
proper punishment range, was an abuse of discretion because the evidence showed 
that he accepted responsibility for his crimes, was anxious to participate in 
sex offender counseling, and wished to make monetary restitution to those who 
had suffered as a result of his offenses. Appellant cites no authority for his 
contentions; therefore, we will not address them.  See Tex. R. App. P. 38.1(h); Tong v. State, 25 
S.W.3d 707, 710 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 1053 
(2001). We overrule appellant’s second point.
IV. 
Conclusion
        Having 
overruled appellant’s points, we affirm the judgments of the trial court.
  
 
                                                                  BOB 
MCCOY
                                                                  JUSTICE

  
  
PANEL 
A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 5, 2004
 

 
NOTES
1. 
See Tex. R. App. P. 47.4.