IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. AP-75,089; 75,090; 75,091; 75,092; 75,093








EX PARTE CHRISTOPHER VON NORMAN, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

FROM HARRIS COUNTY






Per Curiam.


O P I N I O N 



 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant pleaded guilty
to five charges of the felony offense of aggravated robbery, and punishment was assessed at
fifty years' confinement in each case, to be served concurrently. No direct appeal was taken.

 Applicant contends that his guilty pleas were not entered voluntarily, because he relied
on his trial counsel's incorrect assurance that the sentences would run concurrently with a
pending federal sentence. Applicant's understanding, based on counsel's advice, was that
his state sentences would run concurrently with his sentence in a federal case, in which he
had pleaded guilty, but had not yet been sentenced. Instead, the federal court imposed a
consecutive sentence of 262 months. 

 The trial court has entered findings of fact and conclusions of law recommending that
applicant be granted relief. We agree. The circumstances of applicant's case are much like
those of the applicant in Ex parte Moody, 991 S.W.2d 856 (Tex. Crim. App. 1999). In that
case, this Court found that a trial attorney's advice based on a similar mistake regarding the
operation of an applicant's sentences was not within the range of competence for a criminal
attorney. Where the applicant's decision to plead guilty was a result of counsel's deficient
advice, and the applicant could show prejudice, this Court held that the applicant had met his
burden and was entitled to habeas relief. Id. at 858-859.

 In this case applicant has provided an affidavit from trial counsel, in which counsel
admits his mistake about the operation of applicant's sentences, and provides support for
applicant's claim that he would not have pleaded guilty to the five aggravated robbery
charges if not for the erroneous advice. Furthermore, applicant has been prejudiced.

 Relief is granted. We set aside the judgment in causes 697913-A, 698370-A, 698371-A, 698372-A, and 698373-A from the 232nd District Court of Harris County and remand
applicant to the Harris County Sheriff to answer the charges against him. Copies of this
opinion shall be sent to the Texas Board of Pardons and Paroles as well as the Texas
Department of Criminal Justice, Institutional and Parole Divisions.

 


DO NOT PUBLISH

DELIVERED: February 9, 2005