IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,386; AP-75,387; AP-75,388






EX PARTE ROYCE LEETATE WHITE, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NOS. 3847-A, 3848-A, AND 3855-A IN THE 8TH JUDICIAL
DISTRICT COURT OF RAINS COUNTY





 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant pleaded guilty
to two charges of aggravated assault and one charge of engaging in organized criminal
activity, in exchange for concurrent 15-year sentences. No direct appeal was taken.

 Applicant contended, inter alia, that his pleas were involuntary and that the plea
agreement had been violated because his sentences in these causes were not running
concurrently with a federal sentence he was already serving at the time of the pleas. This
Court remanded to the trial court for findings as to whether Applicant's pleas in these causes
were conditioned upon these sentences being run concurrently with his federal sentence. The
trial court entered findings of fact and conclusions of law, finding that the pleas in these
causes were conditioned upon concurrent state and federal sentences. The trial court
recommends that relief be granted, and that the sentences be ordered to run concurrently. 

 Unfortunately, this Court has no authority to order the federal authorities to run
Applicant's sentences concurrently. Because the plea bargain is unenforceable, the proper
remedy is to allow Applicant to withdraw his pleas. See Ex parte Moody, 991 S.W.2d 856,
859 (Tex. Crim. App. 1999); Ex Parte Huerta, 692 S.W.2d 681 (Tex. Crim. App. 1985).

 Relief is granted. We set aside the judgment in cause numbers 3847-A, 3848-A, and
3855-A from the 8th Judicial District Court of Rains County and remand Applicant to the
Rains County Sheriff to answer the charges against him. Copies of this opinion shall be sent
to the Texas Board of Pardons and Paroles as well as the Texas Department of Criminal
Justice, Institutional and Parole Divisions.

 




DO NOT PUBLISH

DELIVERED: April 12, 2006