IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-8,465-10






EX PARTE JACKIE LEROY PIERCE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 55,404 IN THE 264th DISTRICT COURT


FROM BELL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
methamphetamine and sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends that his plea was involuntary because the plea agreement cannot be
followed. Specifically, the Applicant contends that his plea has been rendered involuntary because
of counsel's erroneous advice that his state and federal sentences would run concurrently. The
record in this case reflects that concurrent sentencing was a part of the plea agreement "unless the
fed authorities do not allow." Also, the transcript of the plea hearing reflects the Applicant was 
admonished by the trial court it could not guarantee that his time would run concurrently. However,
counsel's affidavit, which the trial court has found to be credible, states the following, in pertinent
part:

 I recall that Judge Joe Carroll, on the record, advised JACKIE LEROY PIERCE that it would
be up to the federal authorities to run his State Court sentence concurrent with his Federal
Court sentence. In the face of that admonition, JACKIE LEROY PIERCE continued with his
plea of Guilty to the State charge and acceptance of the ten (10) year sentence from Bell
County District Court. It was my understanding and belief at that time that, since he was
sentenced in Federal Court first before the Bell County Case was completed, his federal time
would run concurrent with his State Court sentence. I did communicate that opinion to
JACKIE LEROY PIERCE. 


 It appears from the record that, despite the trial court's admonition to the contrary, counsel
advised the Applicant that his time would run concurrently. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Moody, 991
S.W.2d 856 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's federal and state time
are running concurrently as promised by counsel. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 29, 2010

Do not publish