IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,865-01, 74,865-02 & 74,865-03






EX PARTE TENNER REX HICKMAN, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 04-6-7037, 04-9-7101 & 04-9-7100 

IN THE 24TH DISTRICT COURT

FROM JACKSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was
convicted of aggravated perjury and two charges of bail jumping and failure to appear. He was
sentenced to twenty years' imprisonment on each charge, all of which were ordered to run
consecutive to a prior Jackson County conviction. He did not appeal his convictions.

 We remanded these applications to the trial court for an affidavit from counsel and findings
of fact and conclusions of law. One of Applicant's allegations was that counsel was ineffective
because he advised Applicant that his sentences would run concurrent with a federal sentence that
he was serving at the time of his guilty pleas. According to counsel's affidavit, he told applicant that
he believed "that a federal sentence for 180 months will likely eat up a state sentence of 20 years for
burglary of a building and also two state sentence of bail jumping for 20 years stacked on the
burglary of a building." Counsel explained that he believed this to be the case because Applicant was
not a trouble maker and that he would likely parole on the first sentence and then the new sentences
in less than 10 years in each case. The trial court concluded only that none of Applicant's Jackson
County sentences were stacked on his federal sentence. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Moody, 991 S.W.2d 856, 859 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 It appears that applicant is in federal custody. The trial court shall determine whether the
sentences for the instant convictions are running concurrently with Applicant's federal sentence. The
trial court shall determine whether Applicant is currently in the custody of the Texas Department of
Criminal Justice or the Federal Bureau of Prisons. The trial court shall order the Texas Department
of Criminal Justice's Office of the General Counsel to file an affidavit stating whether Applicant
is in their custody and detailing whether he is currently being credited for any time spent for the
instant Jackson County convictions as well as Jackson County Cause Number 04-6-7036, and what
his current projected dates of release are, if any. The trial court shall also obtain a response from the
Federal Bureau of Prisons detailing whether Applicant is in federal custody and, if so, any projected
release dates from federal custody. If Applicant is in federal custody, the trial court shall also
determine whether any detainers have been lodged against him. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, and
any other court documents necessary to the disposition of the applications, shall be returned to this
Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 



Filed: April 13, 2011

Do not publish