IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,834-01






EX PARTE MICHAEL LEN ROGERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 53,740-A IN THE 47TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of kidnapping and
sentenced to eight years' imprisonment. He did not appeal his conviction.

 Applicant contends, among other things, that he pleaded guilty because trial counsel advised
him that he would be released to mandatory supervision when he became eligible. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel
to respond to Applicant's claim. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel advised Applicant that
he would be released to mandatory supervision when he became eligible. If the trial court finds that
trial counsel did provide such advice, it shall determine whether there is a reasonable probability that
but for trial counsel's advice Applicant would not have pleaded guilty and would have insisted on
a trial instead. Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 11, 2012

Do not publish