

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,109-01

### EX PARTE ROBERT FARREN YORK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12483-A IN THE 77TH DISTRICT COURT
### FROM LIMESTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of prohibited sexual conduct and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because did not discover and advise Applicant that the prosecution was barred by limitations.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). The trial court has made findings in this case. However, in these circumstances, additional findings of fact are

needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings addressing whether counsel advised Applicant of the applicable statute of limitations in this case, and if counsel did advise Applicant, the court shall make specific findings concerning the substance of the advice. If the trial court finds that counsel erred, it shall also make specific findings addressing whether there is a reasonable probability that, but for counsel's advice, Applicant would not have pleaded guilty and insisted on a trial instead. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.


Filed:  February 10, 2016
Do not publish