

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,494-03, WR-90,494-04 & WR-90,494-05

### EX PARTE GEORGE E. PURDY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 4482-A, 4958-A & 4959-A
### IN THE 451ST DISTRICT COURT
### FROM KENDALL COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of sexual assault of a child and two charges of sexual assault. He was sentenced to ten years' imprisonment in each case. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his pleas for deferred adjudication were involuntary because they were predicated on the assurance that he could withdraw the pleas if another jurisdiction did not allow similar terms on related charges. Applicant attaches his lawyer's response to another matter affirming this understanding of the terms of the agreement. Applicant also

alleges that adjudication counsel did not investigate the validity of the allegations in the motion to adjudicate and did not advise him that he had legal and factual defenses to those allegations. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order adjudication counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law addressing Applicant's claims that his pleas were involuntary. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   January 15, 2020
Do not publish