

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,142-01

**EX PARTE MARCUS LAMANS EDWARDS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W16-60750-L(A)
### IN THE CRIMINAL DISTRICT COURT NO. 5
### OF DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty and true to assault and was sentenced to three years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea of true was involuntary because trial counsel did not ensure that he was credited with time credits that were allegedly part of the plea agreement. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). The trial court has made findings of fact concluding that Applicant is not entitled to the time credits. However,

these findings do not address how counsel advised Applicant and to what extent, if any, Applicant's decision to plead true depended on counsel's advice about time credits. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law as to how trial counsel advised Applicant, whether trial counsel's performance was deficient, and whether Applicant would have insisted on a contested hearing but for counsel's alleged deficient performance. The trial court shall also make supplemental findings setting forth the time Applicant spent in a Substance Abuse Felony Punishment Facility program (SAFPF). The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 11, 2020
Do not publish