

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,612-01

**EX PARTE KENNETH NESTER, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1578859-A IN THE 248TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of sexual assault of a child and sentenced to seven years' imprisonment. The First Court of Appeals dismissed his appeal on Applicant's motion. *Nester v. State*, No. 01-20-00137-CR (Tex. App.—Houston [1st Dist.] Apr. 30, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because Counsel advised him that charges pending in Waller County would be dismissed based on a guilty plea in this case. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). Accordingly, the record should be developed. The

trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary due to misrepresentations that other cases would be dismissed upon entry of a guilty plea in this case. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 21, 2020
Do not publish