

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,008-03

### EX PARTE JUAN ENRIQUE SARQUIS JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2013-DCR-02588-B IN THE 138TH DISTRICT COURT FROM CAMERON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated assault with a deadly weapon and sentenced to twelve years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In a single issue, Applicant contends that his plea was involuntary because trial counsel failed to advise him at the time he entered his guilty plea that the State was recommending twelve years' imprisonment, not three years' imprisonment. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). Accordingly, the record should be developed. The trial court is the appropriate

forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). According to the State Bar, trial counsel is deceased. If so, the trial court shall determine whether trial counsel's file is available for review. In developing the record further, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court shall also make specific findings as to whether the plea agreement was for three or twelve years' imprisonment. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 8, 2021
Do not publish