

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,491-01

### EX PARTE ALAN RODRIGUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20160D04845-409-1 IN THE 409TH DISTRICT COURT FROM EL PASO COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to fifty years' imprisonment. Applicant did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his guilty plea was involuntary because trial counsel misinformed him that the death penalty was available if he proceeded to trial. Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. United States*, 397 U.S. 742 (1970); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, §

3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* Tex. Code Crim. Proc. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court shall also make specific findings as to whether the State filed its "Notice Not to Seek the Death Penalty" prior to its fifty-year plea offer. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:               March 2, 2022
Do not publish