

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,828-01

### EX PARTE RAYMOND SOLIS MONTEZ AKA RAYMOND SOLIS MONTES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 18-01-12687-1-CR IN THE 38TH DISTRICT COURT FROM MEDINA COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded no contest to deadly conduct and, after his community supervision revocation, was sentenced to three years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his plea was involuntary because trial counsel did not investigate the facts and applicable law. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Moody*, 991 S.W.2d 856 (Tex. Crim. App. 1999).

This Court remanded to the trial court with an order to obtain a response from trial counsel and to make findings of fact and conclusions of law as to whether trial counsel's performance was deficient at the initial plea proceedings and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court has issued findings of fact and conclusions of law but does not appear to base those findings on an affidavit from trial counsel. Further, the document is internally inconsistent in that the trial court found Applicant "has met his burden of proving his factual allegations by a preponderance of the evidence..." but also recommends denying relief.

Accordingly, the record should be further developed with supplemental findings of fact and conclusions of law. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 25, 2023
Do not publish