

# In the Court of Criminal Appeals of Texas

No. WR-95,281-01

EX PARTE JOSE DE JESUS DIAZ HERNANDEZ
A.K.A. JOSE DIAZ,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. D-1-DC-98-980863-A
In the 167th District Court
Travis County

YEARY, J., filed a dissenting opinion in which KEEL, J., joined.

In August of 1998, Applicant pled guilty to possession of less than one gram of cocaine, a state jail felony, and was sentenced to six months confinement in the Travis County Jail. *See* TEX. PENAL CODE § 12.44(a) (permitting courts to punish state jail felonies as Class A misdemeanors

in the interests of justice). He did not pursue an appeal. Nearly twenty-five years later, in May of 2023, Applicant filed this application for a writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07.

In his application, Applicant raises three grounds for relief: two claims of ineffective assistance of counsel and one claim of insufficient evidence. In his first claim of ineffective assistance of counsel, Applicant alleges that trial counsel failed to inform him of Travis County's drug diversion program and did not attempt to negotiate for Applicant's placement in that program. Applicant alleges that, but for trial counsel's failure to inform him about the program and to negotiate with the State, Applicant would have accepted the terms of the diversion program. The State says that Applicant was eligible for the program. And the trial court concludes that Applicant has satisfied his burden under *Strickland v. Washington*, 466 U.S. 668 (1984). On that basis, the Court grants Applicant relief. I cannot join the Court in its judgment because it grants Applicant relief without first resolving two important questions.

## I. SHOULD LACHES BAR RELIEF?

The Court should not grant relief until the trial court has determined that relief is not barred by laches. The State in its original answer to Applicant's application purports to have "waive[d] the equitable defense of laches, should it apply, in the interests of justice." Noting this, the trial court made no findings of fact or conclusions of law as to laches. But a party cannot, even by purporting to *waive* it, bar a trial court, or any court, from considering laches.

In *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013), this Court explained that the doctrine of laches is defined as:

> neglect to assert right or claim which, taken together with lapse of time and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.

*Id.* at 210 (quoting *Ex parte Carrio*, 992 S.W.2d 486, 487 n.2 (Tex. Crim. App. 1999)). This definition requires the trial court to find that the "lapse of time and other circumstances" has caused prejudice to an adverse party, but it does not require that the adverse party raise that argument before the court may consider it. That is why this Court has said that a convicting court "may *sua sponte* consider and determine whether laches should bar relief." *Ex parte Smith*, 444 S.W.3d 661, 667 (Tex. Crim. App. 2014).

Moreover, as I recently explained in *Ex parte Ross*, 675 S.W.3d 310, 311 (Tex. Crim. App. 2023) (Yeary, J., dissenting), a laches analysis under *Perez* does not properly begin and end with an assessment of the prejudice caused to an adverse party by "neglect to assert [a] right or claim . . . taken together with [the] lapse of time" because the definition of laches adopted in *Perez* did not end there. *Perez*, 398 S.W.3d at 210. Rather, laches also includes "neglect for an unreasonable and unexplained length of time under circumstances permitting diligence, to do what in law, should have been done." *Id.* (quoting *Carrio*, 992 S.W.2d at 487 n.2). In other words, laches may bar equitable relief irrespective of any claim of prejudice by an adverse party. *See id.*

Applicant waited nearly a quarter-century after he pled guilty and was convicted to bring this application. The record is silent regarding circumstances that may excuse Applicant's extraordinary

delay, and an explanation is necessary in this case. As we remarked in *Smith* with respect to a delay of ten years: "At a minimum, the delay is significant enough for this Court to justly ask whether [the applicant's] claim should be precluded by laches." 444 S.W.3d at 670. The proper disposition is to remand this writ application to the trial court to make findings of fact and conclusions of law concerning the application of laches to this case and to provide Applicant an opportunity to respond. *See id.* ("[A] court may excuse an applicant's delay when the record demonstrates that his delay was the result of justifiable excuse or excusable neglect based on the totality of the circumstances, or other compelling reasons entitle him to relief, such as newly available evidence or a new legal basis for relief.").

## II. HAS APPLICANT DEMONSTRATED PREJUDICE?

The Court grants relief on the grounds that Applicant's "plea was involuntary because trial counsel failed to inform him of the Travis County drug diversion program or attempt to negotiate for Applicant's placement in the program."[1] Majority Opinion at 1. In granting relief, the Court cites *Hill v. Lockhart*, 474 U.S. 52 (1985), and *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). I take it that the Court cites

---

[1] The Court says that Applicant "contends that his plea was involuntary[.]" Majority Opinion at 1. Applicant contends that he received ineffective assistance of counsel during plea-bargaining, but nowhere in his application or accompanying affidavit does he claim that his plea was *involuntary*. I am aware that this Court has also evaluated claims of involuntary plea due to the ineffective assistance of counsel under *Strickland*. *See, e.g., Ex parte Moody* 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). But I would not recast Applicant's complaint, which was filed with the assistance of habeas counsel, without at least explaining why the Court finds it appropriate to do so.

these cases for the general proposition that the *Strickland* ineffective assistance of counsel standard applies to trial counsel at the plea-bargaining stage of prosecution.[2] If so, I do not disagree. But I do disagree with extending *Argent* without any explanation, as the Court implicitly does today.

In *Argent*, this Court considered what is required to establish the second prong of *Strickland*, namely, prejudice, "in a claim of ineffective assistance of counsel in which a defendant is not made aware of a plea-bargain offer, or rejects a plea-bargain because of bad legal advice[.]" 393 S.W.3d at 784. The Court concluded that to succeed on such a claim, "the applicant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Id.*

The *Argent* standard does not squarely apply to Applicant's case because he does not claim that trial counsel failed to make him aware of

---

[2] In *Hill*, the Supreme Court of the United States held that "the same two-part standard" under *Strickland* "seems to us applicable to ineffective-assistance claims arising out of the plea process." 474 U.S. at 57. If this is all the Court means to invoke by its citation to *Hill*, then, again, I do not disagree.

In that case, the petitioner alleged that his guilty plea was involuntary due to ineffective assistance of counsel because his trial counsel misinformed him as to his parole eligibility. *Id.* at 54–55. The Supreme Court of the United States held that Hill failed to satisfy the "prejudice" prong of *Strickland* because "Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." *Id.* at 60. Similarly, here, to the extent that the *Hill* standard for prejudice applies to Applicant, he clearly fails to satisfy it because he does not allege in his first ground for relief that, but for his counsel's deficient performance (assuming it was deficient), he would have pleaded not guilty and insisted on trial.

a plea offer or that he rejected an offer because of his counsel's bad legal advice. Rather, Applicant claims that his counsel's failure to investigate and negotiate for his placement in the drug diversion program deprived him of the opportunity to accept an offer the State *might have* made otherwise.[3]

What is the proper standard for evaluating this kind of "*might have*" speculative claim of prejudice? To my knowledge, the Court has not answered this question previously. And, in my view, it is not the kind of question to which we should simply assume an answer.

### III. CONCLUSION

I do not rule out the possibility that Applicant may be entitled to relief. But I would not find that he is so entitled until the trial court has determined in a convincing way that Applicant's claim is not equitably barred by laches. I would also not conclude that Applicant has demonstrated he was prejudiced by the performance of his counsel at the plea-bargaining stage without explicitly analyzing whether failure to request a particular plea offer from the State which the State has not offered on its own may prejudice an applicant's decision to plead guilty. Because the Court has determined to do otherwise, I dissent.

**FILED:**                                        February 7, 2024
**PUBLISH**

---

[3] In its supplemental answer, the State notes: "A retrospective review of the State's file indicates that Applicant was eligible to participate in the diversion program, but for his failure to submit an application, based on the lack of aggravating factors and lack of any prior criminal history." Of course, the State does not say—twenty-five years after the fact—that it would have certainly agreed to screen Applicant for eligibility and that it would have necessarily accepted him into the program. So, at most, the Applicant can prove that the State *might* have agreed to place him in that program.