IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,504-01






EX PARTE BRADLEY DALE MOGFORD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2158 IN THE 112TH DISTRICT COURT


FROM SUTTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to thirty-three years' imprisonment. He did
not appeal his conviction. 

 Applicant contends, inter alia, that his plea was involuntary because trial counsel wrongfully
advised him that he would be released after a year-and-a-half of imprisonment. Applicant has alleged
facts that, if true, might entitle him to relief. Padilla v. Kentucky, 130 S.Ct. 1473 (2010); Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Moody, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999).
The trial court held a live hearing after the writ application was remanded for responses and findings
and conclusions of law. Ex parte Mogford, WR-75,504-01 (Tex. Crim. App. Apr. 13, 2011)
(unpublished). At the live hearing, the trial court heard testimony from eight witnesses and the
arguments of the parties. Though the trial court made findings of fact, the findings included no
determinations of credibility of the witnesses. In these circumstances, additional facts are needed.
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 After the live hearing, the trial court found that, "a conversation referencing what amounts
to parole eligibility or parole attainment did occur; the exact context of that conversation remains
unclear." The trial court shall make specific findings as to whether trial counsel advised applicant
that he would only serve one-and-a-half years' imprisonment before being released. The trial court
shall also make specific findings concerning the credibility of the witnesses that testified at the live
hearing held after the initial remand. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 14, 2011

Do not publish