IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,771-02






EX PARTE RICHARD LEIGH HAIGLER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F97-47712-PV IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam. Keasler, J., not participating.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to sixty years' imprisonment. The Fifth Court of Appeals affirmed his conviction.
Haigler v. State, No. 05-97-01107-CR (Tex. App.-Dallas Jan. 29, 1999) (unpublished).

 Applicant contends that his guilty plea was involuntary because trial counsel rendered
ineffective assistance. Applicant alleges, inter alia, that counsel wrongfully advised him that he was
pleading guilty to a second-degree felony but not to the enhancement allegations. The habeas record
does not contain the indictment or any paperwork relating to Applicant's plea. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Moody, 991 S.W.2d 856, 857-858 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel addressing Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
Specifically, the trial court shall make findings as to whether counsel advised Applicant of the
appropriate punishment range given the charge, the enhancement allegations, and the nature of
Applicant's open plea. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
plea documents, indictment, and docket sheet from this cause and all affidavits and interrogatories
or the transcription of the court reporter's notes from any hearing or deposition, along with the trial
court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: March 28, 2012

Do not publish