AFFIRMED; and Opinion Filed May 29, 2013.

In The

Court of Appeals

Fifth District of Texas at Dallas

No. 05-13-00177-CR

EX PARTE ABRAHAM WELDEZION

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court Cause No. WX09-90026-I

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

Abraham Weldezion appeals the trial court's order denying his application for writ of habeas corpus. In two issues, appellant contends his plea was involuntary because he received ineffective assistance of counsel and he was not mentally competent to enter it. We affirm.

### BACKGROUND

Appellant was convicted in a 2001 bench trial of aggravated assault with a deadly weapon and sentenced to two years' imprisonment. On the day after trial, the trial court offered to grant appellant's motion for new trial if he would plead guilty and in exchange be placed on five years' deferred adjudication community supervision, pay a fine, and serve 180 days in jail as a probation condition. Appellant accepted the offer and entered a guilty plea. Appellant did not appeal. He was discharged successfully from community supervision in 2006.

In 2008, appellant filed an application for writ of habeas corpus contending his guilty plea was involuntary because he lacked sufficient command of the English language to

understand the proceedings and the written admonishments, he was not provided with a translator, the trial court did not explain the immigration consequences of his plea or his right to a jury trial, and the trial court did not inquire into his mental competency even though he was exhibiting symptoms of mental illness that would eventually result in his hospitalization. On November 21, 2008, the trial court entered an order and findings of fact denying appellant's writ application. Appellant did not appeal the order.

In 2009, appellant filed a second writ application reurging his comprehension and competency complaints and adding contentions that he did not receive adequate advice about his immigration status and there was "newly discovered evidence" that the trial court told him there would be no immigration consequences resulting from his plea. While the second application was pending,[1] the United States Supreme Court issued an opinion holding when federal law clearly specifies that a client will be deported, counsel must affirmatively and correctly advise the client about the immigration consequences of a plea. *See Padilla v. Kentucky*, 130 S. Ct. 1473, 1483 (2010).

In 2012, appellant filed an amended second application for writ of habeas corpus contending he received ineffective assistance of counsel because counsel did not spend enough time preparing for the case and did not explain the immigration consequences of the plea to him. Appellant cited *Padilla* as the "controlling case" for adjudicating his application and asked the trial court to apply the holding of *Padilla* retroactively for his benefit. The State responded that all of appellant's claims except his *Padilla* claim for ineffective assistance of counsel were adjudicated in the 2008 writ proceeding.

---

[1] There is no explanation in the record for the long period of inaction on appellant's second writ application.

The trial court conducted an evidentiary hearing on appellant's application. During the hearing, appellant and other defense witnesses testified generally that at the time of the plea hearing, appellant was a recent immigrant to the United States with a limited comprehension of English and he was exhibiting symptoms of mental illness. Appellant denied receiving advice or an explanation from trial counsel about the immigration consequences of his plea, alleged the trial judge offered to protect him from immigration, accused the trial court judge of corruption, and denied that the reporter's record of his plea hearing provided by the State was genuine. Appellant admitted, however, that he had been found guilty at trial and the trial court had said he would serve two years in prison. Appellant testified that on the day after trial, the trial court had forced him into entering an involuntary guilty plea. Appellant admitted signing plea documents but alleged he did not understand what the papers said, the trial court was laughing at him, and his trial counsel refused to help him.

In an order entered on December 20, 2012, the trial court denied appellant's second writ application and entered findings of fact expressly finding appellant's testimony was not credible and rejecting his contentions. On January 18, 2013, appellant filed a notice of appeal to appeal the trial court's December 20, 2012 order. On February 4, 2013, appellant filed an amended notice of appeal "from the judgment of the denial of a writ of habeas corpus for [appellant], first filed on November 21, 2008." Appellant asked that the amended notice of appeal be considered timely filed because he "did not receive notice of [the trial court's] final order denying relief, dated December 20, 2012, until January 15, 2013."

## STANDARD OF REVIEW

An applicant for habeas corpus relief must prove the claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In reviewing the trial

-3-

court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We will uphold the trial court's ruling absent an abuse of discretion. *See id.*

## JURISDICTIONAL MATTERS

Before turning to the merits of appellant's case, the State contends this appeal should be dismissed on the ground appellant failed to obtain a certification of the right to appeal from the trial court. *See* TEX. R. APP. P. 25.2(d). We note that appellant did obtain the trial court's certification which appears on the notice of appeal and certifies appellant has the right of appeal.

We next consider the effect of appellant's two notices of appeals. Appellant's first notice of appeal, although filed under the cause number for his first writ application, was timely filed to appeal the trial court's December 20, 2012 order. Appellant's February 4, 2013 amended notice of appeal, however, was not timely filed to appeal the trial court's November 21, 2008 order denying appellant's first application. *See* TEX. R. APP. P. 26.2(a) (establishing time deadlines for appeal of appealable orders and judgments). Accordingly, to the extent appellant seeks to appeal the trial court's November 21, 2008 order, we lack jurisdiction over that portion of the appeal.

## ANALYSIS

In his second issue, appellant contends his plea was involuntary because he was mentally incompetent at the time he entered it. Appellant is appealing the denial of a second application for writ of habeas corpus. The code of criminal procedure limits the scope of issues that may be raised in a subsequent application for writ of habeas corpus.

> [A] court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered

-4-

application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

TEX. CODE CRIM. PROC. ANN. art. 11.072, §9(a) (West 2005). A legal basis for a claim is unavailable within the meaning of the statute if the basis "was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before [the date of the first application]." *Id.* at §9(b). The factual basis for a claim is unavailable at the time the first application was filed "if the factual basis was not ascertainable through the exercise of reasonable diligence on or before [the date of the first application]." *Id.* at §9(c).

As the State pointed out in its response in the trial court, appellant's complaint about his alleged mental incompetency was already adjudicated in connection with his first writ application. Appellant does not allege or show that the basis for his claim was legally or factually unavailable at the time of his 2008 writ proceeding. To the contrary, appellant and his witnesses testified in the evidentiary hearing that his mental incompetency was apparent at the time of the plea hearing. Accordingly, appellant raises no matters for this Court to address on the merits. See *id.* at §9(a–c). We overrule appellant's second issue.

In his first issue, appellant contends his plea was involuntary because he did not receive effective assistance of counsel. Appellant contends trial counsel failed to request an interpreter for him or have the trial court's written admonishments translated into appellant's native language. Appellant points to counsel's affidavit, submitted in connection with the 2008 writ application, averring appellant spoke "broken English" and counsel was unsure whether appellant had much understanding of written English.

Appellant also complains about trial counsel's advice regarding the immigration consequences of his plea. As appellant notes in his brief, however, while this case was on

appeal, the United States Supreme Court clarified that *Padilla* announced a new rule of Constitutional interpretation and, therefore, would apply only prospectively to new cases decided since its issuance. *See Chaidez v. United States*, 133 S.Ct. 1103, 1108 (2013). Recently, the Texas Court of Criminal Appeals has affirmed that defendants facing deportation and claiming ineffective assistance of counsel in connection with their counsels' immigration law advice would not be given broader protections than the Sixth Amendment provides as set forth in *Padilla. See Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. 2013). Appellant's brief concedes his *Padilla* claim, the basis of his amended second application, is no longer viable but contends the reasoning of *Padilla* should apply because counsel's poor performance left him without a sufficient understanding of the immigration consequences of his plea.

Except for appellant's contentions related to the application of *Padilla*, the legal and factual basis for appellant's complaint about counsel's performance, including any dissatisfaction appellant may have had about the immigration advice he received from counsel, was readily apparent at the time he filed his 2008 original writ application. Appellant and the other defense witnesses testified at the evidentiary hearing that appellant spoke poor English in 2001. Appellant's first writ application addressed his language difficulties and alleged he "was not advised of the potential consequences of his guilty plea on his immigration status." While this case was on appeal, both the United States Supreme Court in *Chaidez* and the Texas Court of Criminal Appeals in *De Los Reyes* have concluded that persons like appellant whose convictions were final at the time *Padilla* was issued in 2010 may not rely on *Padilla* as grounds for reversing their convictions. *De Los Reyes*, 392 S.W.3d at 679. Thus, appellant brings no matters before us upon which we may grant relief. TEX. CODE CRIM. PROC. ANN. art. 11.072, §9(a–c).

Even if we assume appellant's ineffective assistance claim has some continuing legal basis without *Padilla* that was not foreclosed by the first writ application proceeding, he cannot prevail. To show he received ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). When the defendant's ineffective assistance claim arises in the context of a guilty plea, the defendant must show counsel's advice about the plea did not fall within the wide range of competence demanded of attorneys in criminal cases and that, but for trial counsel's errors, there is a reasonable probability the defendant would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). The failure to prove one prong of the *Strickland* standard negates the need to consider the other prong. *See Strickland*, 466 U.S. at 697; *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011).

In its findings of fact, the trial court concluded appellant had failed to satisfy either prong of the *Strickland* standard. We need consider only those findings pertaining to the second prong. The trial court found appellant's claim that he would have rejected the plea bargain if he had been informed of the immigration consequences was not credible and a decision to reject it would not have been rational under the circumstances. The trial court found appellant had already been convicted and sentenced to two years imprisonment. The trial court found the immigration consequences would have been the same under the plea offer or under the existing conviction. *See* 8 U.S.C. §1101(a)(48)(A) (2005) (defining an order of deferred adjudication as a conviction for purposes of application of federal deportation law). The trial court found appellant was unable to show any prejudice from not being advised of the immigration

-7-

consequences. The record supports the trial court's findings. Refusing to accept the plea deal the trial court offered would have resulted in a two-year prison term with no offsetting benefits to appellant. Thus, appellant cannot show he suffered adverse consequences.

Because appellant cannot benefit from the application of *Padilla*, all of his other complaints either were or should have been raised in his original writ application in 2008, and he suffered no harm, we conclude the trial court did not abuse its discretion in denying appellant's second application for writ of habeas corpus. *See Peterson*, 117 S.W.3d at 819. We overrule appellant's issues.

We affirm the trial court's order denying appellant's second application for writ of habeas corpus.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130177F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ABRAHAM WELDEZION

No. 05-13-00177-CR

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. WX09-90026-I.
Opinion delivered by Justice O'Neill.
Justices Francis and Fillmore participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 29th day of May, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

-9-