

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-82,421-02, -03, -04, -05 & -06

### EX PARTE RODNEY KEVIN WILLIAMS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1224792-A, 1224794-A, 1255821-A, 1231935-A & 1225681-A
### IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of promotion of child pornography, three charges of aggravated sexual assault of a child under six, and seventy counts of possession of child pornography. He was sentenced to twenty years' imprisonment for promotion of child pornography, life imprisonment for each of the aggravated sexual assault cases, and ten years' imprisonment in each of the seventy possession of child pornography counts. He did not appeal his convictions.

Applicant contends that his plea was involuntary because trial counsel misadvised him about

his parole eligibility. Applicant has alleged facts that, if true, might entitle him to relief, and the trial court has concluded that his pleas were involuntary. However, in these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make additional findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall make specific findings addressing the credibility of Applicant's claim that, but for counsel's misadvice, he would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 25, 2015
Do not publish