WR-83,622-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/3/2015 9:24:11 PM
Accepted 9/4/2015 8:41:57 AM
ABEL ACOSTA
CLERK

NO. WR-83,622-01

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
9/4/2015
ABEL ACOSTA, CLERK

**EX PARTE JODY LEE KIRKLIN,**
*Applicant.*

**MOTION DENIED**
**DATE:** 9-10-15
**BY:** PC

Application for Writ of Habeas Corpus
from the 104th District Court of Taylor County, Texas
Cause No. 18,068-B(1)

# SUGGESTION FOR RECONSIDERATION
# ON COURT'S OWN MOTION

HEATHER M. LYTLE
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060
Fax 281-786-4539
heather@lytle-law.com

ATTORNEY FOR APPLICANT
JODY LEE KIRKLIN



| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE COURT OF** |
| **JODY LEE KIRKLIN,** | § | **CRIMINAL APPEALS** |
| *Applicant.* | § | **FOR THE STATE OF TEXAS** |
| | § | |

## SUGGESTION FOR RECONSIDERATION ON COURT'S OWN MOTION

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

NOW COMES Applicant, JODY LEE KIRKLIN, and urges this Court to reconsider, on its own motion, its denial of habeas corpus relief, pursuant to Rule 79.2(d) of the Texas Rules of Appellate Procedure. To support this suggestion, Applicant respectfully shows the Court the following:

### I. Ground for Reconsideration

Applicant alleged facts that remain uncontroverted, and, if true, would warrant habeas corpus relief. Accordingly, the Court should, on its own motion, reconsider its denial of relief and either grant relief or order the trial court to conduct an evidentiary hearing.

### II. Procedural History

Jody Kirklin was indicted for Online Solicitation of a Minor, under Section 33.021(c) of the Texas Penal Code, on April 14, 2011. On April 26, 2012, Mr. Kirklin plead guilty, pursuant to a plea bargain agreement, and was sentenced to ten (10) years' incarceration in the Texas Department of Criminal Justice (TDCJ).

1

The Board of Pardons and Parole (TBPP) granted Mr. Kirklin parole in January 2014, and he is currently under the supervision of the Abilene Office of the (TBPP).

Mr. Kirklin did not appeal his conviction or sentence. On June 12, 2015, he filed an Application for Writ of Habeas Corpus with the District Clerk of Taylor County, Texas, who directed that application to the 104th District Court of Taylor County. Mr. Kirklin alleged that he is illegally restrained by the Texas Board of Pardons and Parole, the Abilene Office of the TBPP, and by his requirement to register as a sex offender. He asserted the following three grounds for relief:

1. Mr, Kirklin's plea was unknowing and involuntary because his retained attorney, Mr. Randol Stout improperly advised him that the range of punishment he would face upon conviction at trial was twenty-five years to life, when in fact the range of punishment is two to twenty years.

2. Mr. Kirklin received ineffective assistance of counsel because Mr. Stout wrongfully advised him of the possible range of punishment.

3. Mr. Kirklin received ineffective assistance of counsel because Mr. Stout failed to adequately research and investigate Mr. Kirklin's case.

The trial court forwarded the application to this Court, and it was received on July 20, 2015. On August 19, 2015, this Court denied the application without written order. Pursuant to Rule 79.1 of the Texas Rules of Appellate Procedure, Mr. Kirklin now files his *Motion for Rehearing* within fifteen (15) days of this Court's denial of his application.

2

### III.  Statement of Facts

As set out in the Application for Writ of Habeas Corpus, and the accompanying affidavits of Mr. Kirklin and his sister, Susan Kirklin McGinn, the following is a summary of the facts giving rise to Mr. Kirklin's claims for relief:

In September 2010, Mr. Kirklin posted a personal ad on craigslist.org, seeking to meet a woman for a sexual encounter.  Mr. Kirklin at all times intended to have a consensual encounter with an adult woman.  Unbeknownst to Mr. Kirklin, a police officer posing as a young girl responded to the ad, and the two began an exchange of emails and text messages.  The officer eventually stated that "she" was a 13-year-old girl, but also sent a photo of a woman who appeared to be in her thirties.  Mr. Kirklin believed he was corresponding with an adult, and arranged to meet her.  However, when he arrived at the designated meeting place on September 23, 2010, he was arrested and charged with Online Solicitation of a Minor, pursuant to Section 33.021(c) of the Texas Penal Code.

After his indictment, Mr. Kirklin eventually retained Randol Stout in May 2011 to represent him in this matter.  However, after Mr. Kirklin paid the initial retainer, Mr. Stout did not personally speak to Mr. Kirklin again, either on the phone or in person, until February 14, 2012.

3

On February 14, 2012 – only the second meeting between the two, and the first where any details or substance of the case was discussed – Mr. Stout informed Mr. Kirklin that the District Attorney offered ten years' incarceration in plea negotiations and would not make a lower offer. Mr. Stout also stated that he personally talked to Judge Hamilton, and explained that Judge Hamilton said he technically could not say that he would not give Mr. Kirklin probation in an open plea, but that he would not. Mr. Stout said Mr. Kirklin would then be facing 25 to 99 years in prison because "they would enhance" him, and that he would spend the rest of his life in jail if he refused the District Attorney's offer of ten years. However, Mr. Kirklin has no prior felonies with which to enhance the range of punishment. Mr. Stout did not explain that the range of punishment of two to twenty years could only be enhanced by prior felony convictions.

After the February 14, 2012 meeting, Mr. Stout did not speak to, or see, Mr. Kirklin again until April 23, 2012 – only three days before his trial setting of April 26, 2012. At that meeting, Mr. Stout informed Mr. Kirklin that he had to make an immediate decision regarding the ten-year plea offer. Mr. Stout informed Mr. Kirklin that the District Attorney would not give probation, but failed to inform Mr. Kirklin that he was eligible for a sentence of probation from either a judge or the jury, even if he lost at trial. Mr. Stout further encouraged Mr. Kirklin to accept the plea offer by persuading him that a conviction for this charge would not affect

4

his life. He failed to inform Mr. Kirklin that a consequence of the plea would be sex offender registration for ten (10) years.

During the entirety of his representation of Mr. Kirklin, Mr. Stout never discussed the facts of the investigation or arrest, and failed to pursue the possibility of statutory, affirmative, or evidentiary defenses against Mr. Kirklin's charge. For nearly a year, Mr. Stout only met with, or spoke to, Mr. Kirklin three times. When Mr. Kirklin requested Mr. Stout's file to prepare for this application, the only document in that file was the police report – there was zero evidence that Mr. Stout had conducted any investigation or legal preparation whatsoever.

Mr. Kirklin ultimately accepted the plea agreement, and was sentenced on April 26, 2012 to ten (10) years' incarceration in TDCJ. In January 2014, Mr. Kirklin was paroled and is currently under the supervision of the Abilene Office of the Texas Board of Pardons and Parole. Mr. Kirklin is required to register as a sex offender, and is restricted in the places he can attend, such as church or visiting family members who have children. He is unable to use the internet for any purpose, and has been unable to get a job.

Furthermore, he is required to participate in sex offender treatment, which includes counseling session and regular polygraph examinations. During both the counseling sessions and polygraph examinations, Mr. Kirklin has been repeatedly threatened that he will be sent back to prison unless he admits that he intended to

have sex with a child and that he has had other "victims." He has suffered enormous emotional stress due to these sessions and the nearly continuous threats to send him to prison to complete his 10-year sentence.

## IV. Argument and Authorities

This Court's denial of Mr. Kirklin's application is unwarranted, and should be reconsidered, because Mr. Kirklin has alleged facts that, if true, may entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex.Crim.App. 1999); TEX. CODE CRIM. PROC. art. 11.07(3)(d). The facts recited above remain uncontested, at least in that counsel for Mr. Kirklin received no response filed by the State or Mr. Stout, as provided for under Article 11.07(3)(b).

In this case, the facts alleged by Mr. Kirklin support a finding that he unknowingly and involuntary entered into a plea agreement, based on the erroneous advice of his attorney, and that he received ineffective assistance of counsel. This Court has held:

> Counsel's advice can provide assistance so ineffective that it renders the guilty plea involuntary. A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. A defendant's decision to plead guilty when based upon erroneous advice of counsel is not done knowingly and voluntarily.

*Ex parte Moussazadeh*, 361 S.W.3d 684, 688-89 (Tex.Crim.App. 2012) (internal citations omitted). Whether Mr. Kirklin's plea was voluntary depends on: (1) whether Mr. Stout's advice was within the range of competence demanded from

6

criminal defense attorneys; and (2) whether there is a reasonable probability that, but for Mr. Stout's error, Mr, Kirklin would not have pleaded guilty but would have exercised his right to a jury trial. *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex.Crim.App. 1999).

There can be no question that informing Mr. Kirklin that he faced a punishment range of twenty-five years to life, should he go to trial, falls so far outside the range of competent representation as to be more than egregious. Mr. Kirklin was charged with a second-degree felony, which carries a range of punishment of two to twenty years' incarceration. According to Mr. Kirklin's affidavit, Mr. Stout told him that the State would "enhance" him and he would face twenty-five years to life. However, Mr. Kirklin has no previous felony convictions which could have served to enhance the punishment of a second-degree felony to the first-degree range of punishment. Moreover, Mr. Kirklin was eligible for probation from either a jury or the trial judge, pursuant to Article 42.12 of the Texas Code of Criminal Procedure. The truth is that Mr. Kirklin was facing possible punishment of probation, up to twenty years in prison – there is not a circumstance which would have put Mr. Kirklin in danger of "spending the rest of his life in prison," as Mr. Stout warned.

Knowledge of the law – especially law that is long-settled, such as felony punishment and enhancement – is the bare minimum that is expected of a criminal

7

defense attorney. In this case, it appears that Mr. Stout was completely unaware of the applicable range of punishment, as well as probation eligibility and sentence enhancement. Such a glaring inability to advise Mr. Kirklin of the most basic aspects of the charge alleged against him cannot be considered effective assistance of counsel, as provided for by the Sixth Amendment of the United States Constitution, and Article I of the Texas Constitution.

This Court has previously granted habeas relief in similar circumstances. Specifically, this Court granted relief in *Ex parte Hall* when the trial counsel failed to know the law regarding the use of prior juvenile convictions for enhancement purposes, and whose advice resulted in his client pleading "true" to a juvenile enhancement allegation that was, in actuality, unavailable for enhancement purposes. *Ex parte Hall*, No. AP-75,868 (Tex.Crim.App. March 19, 2008) (not designated for publication).

Mr. Kirklin alleged in his affidavit that he would not have accepted the plea agreement if he had been properly advised. Moreover, he would not have knowingly agreed to the plea bargain if Mr. Stout had informed him of the severe collateral consequences, such as ten years of sex offender registration.

## V. Conclusion and Prayer

Given that Mr. Kirklin's allegations went unanswered, this Court should reconsider, on its own motion, Mr. Kirklin's claims. At a minimum, the trial court

8

should be ordered to conduct an evidentiary hearing to determine whether Mr. Kirklin is illegally restrained in his liberty.

WHEREFORE, PREMISES CONSIDERED, Mr. Kirklin respectfully submits this *Suggestion of Reconsideration on the Court's Own Motion*, requesting that the Court reconsider, on its own initiative, the denial of Mr. Kirklin's application for writ of habeas corpus.

Respectfully submitted,

*/s/ Heather M. Lytle*
HEATHER M. LYTLE
SBN: 24046487
202 Travis Street, Suite 300
Houston, Texas 77002
Tel. 713-204-7060
Fax 281-786-4539
heather@lytle-law.com

ATTORNEY FOR APPLICANT
JODY LEE KIRKLIN

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of September, 2015, a true and correct copy of the foregoing instrument was served upon the District Attorney of Taylor County, Texas, via electronic service, email and/or facsimile.

_/s/ Heather M. Lytle_