

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,483-02

### EX PARTE ANDRE OSAGIE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16642B IN THE 21ST DISTRICT COURT
### FROM WASHINGTON COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault with a deadly weapon and sentenced to twelve years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Osagie v. State*, No. 14-13-01138-CR (Tex. App.—Houston [14th Dist] Jan. 29, 20015) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he did not advise Applicant that he was ineligible for probation and deferred adjudication community supervision for the charged offense.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make specific findings as to how counsel advised Applicant concerning his eligibility for community supervision. Should the trial court determine that counsel misadvised Applicant, the court shall make specific findings as to whether there is a reasonable probability that, but for counsel's errors, Applicant would not have pleaded guilty and would have insisted on going to trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish