

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-87,756-01 and -02

EX PARTE ENOCH JOHN LONG, JR., Applicant

ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 5208W1 AND 5262W1 IN THE 69th DISTRICT COURT
FROM MOORE COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft of service and theft of property and sentenced to thirteen years' imprisonment in each cause. He did not appeal his convictions.

Applicant was sentenced pursuant to a package plea agreement with the State. Applicant contends that his trial counsel rendered ineffective assistance because he allowed Applicant to be sentenced outside of the correct punishment range in his theft of property case. Applicant is not entitled to relief.

Applicant erroneously believes that because he was sentenced outside of the punishment range allowed in one of his cases he is entitled to a new sentencing hearing on the one case. This is incorrect. Applicant pled guilty as part of a package plea bargain agreement and he is now claiming the agreement is invalid because of a sentencing error. Relief in such a claim is the vacating of the judgments and a remand to face the charges set out in the indictments.

An applicant challenging the effectiveness of counsel where he pled guilty must show that his counsel's advice was not within the range of competence demanded of attorneys in criminal cases, and that there exists a reasonable probability that, but for counsel's errors, he would not have pled guilty and insisted on going to trial. *See Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999), citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed. 2d 203 (1985).

Applicant has not met this burden. Had Applicant proceeded to trial on the theft of property case he risked facing a punishment range of twenty-five to ninety-nine years, or life in prison because he was charged as a habitual offender. TEX. PENAL CODE § 12.42(d)(1). In addition, a conviction in his theft of property case could have resulted in a sentence run consecutively to the sentence in his theft of service case. However, Applicant did not face these potential consequences because counsel negotiated a plea agreement where the enhancement paragraphs were dropped and Applicant was sentenced to thirteen years' imprisonment in each cause with the sentences to run concurrently. Applicant correctly alleges that the punishment range in his theft of property case, once the enhancement paragraphs were abandoned as part of the plea agreement, was that of a third degree felony under TEX. PENAL CODE § 31.04(e)(5). However, as a result of the plea agreement Applicant was given a concurrent sentence in that case twelve years below the *minimum* punishment he could have received if he had proceeded to trial. We are not persuaded that Applicant would have refused

the State's package plea bargain offer, not pled guilty, and insisted on going to trial in these cases due to counsel's deficient performance regarding his knowledge of the correct punishment range in the theft of property case.

The State responds that, as it pertains to the theft of property conviction, Applicant "needs to be brought back to Moore County to stand trial on the original indictment which will include the enhancement paragraphs." The State is correct that this would be the relief Applicant would receive if we were to grant relief in this cases. However, because Applicant has not met his burden of proof as set out above, we decline to vacate the judgments in these convictions and relief is denied.

Filed: March 28, 2018
Do not publish