

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00470-CR

_____

EX PARTE BRAYDEN CHANNING COIN

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. C-2-W012707-1661165-AP

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Brayden Channing Coin challenges the habeas court's denial of his request for relief from the restraints of his deferred adjudication community supervision. *See* Tex. Code Crim. Proc. art. 11.072, §§ 1, 8. He argues that his trial counsel (Trial Counsel) provided ineffective assistance by (1) failing to investigate the flaws in the State's evidence that he committed his crime after—rather than before—he turned 17; (2) failing to leverage those flaws to challenge the adult criminal court's jurisdiction; and (3) failing to advise him of the jurisdictional and evidentiary significance of the age issue. According to Coin, Trial Counsel's deficient performance not only undermined confidence in the outcome of his case but also rendered his plea bargain involuntary by "goad[ing]" him into accepting the State's offer when he would have preferred to proceed to trial.

But Coin's arguments rely on his own version of the facts—not those found by the habeas court. Because the habeas court's fact findings are both dispositive and supported by the record, we will affirm.

## I. Background

Coin's restraint stems from his sexual assault of a girl three years his junior—Victim.[1]

---

[1]Victim was three years and two months younger than Coin. *Cf.* Tex. Penal Code § 22.011(e)(2) (providing affirmative defense in certain instances of sexual assault if the defendant is, among other things, "not more than three years older than

2

## A.    Evidence and Plea Bargain

Coin admitted to law enforcement that when he was "13 or 14," he sexually assaulted Victim.  *See generally* Tex. Penal Code § 22.011.  He did not expressly confess to having assaulted her after he turned 17.  *See id.* § 8.07(b) (stating general rule that unless an exception applies, "a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age").  But other evidence suggested that he had.

Victim told Child Protective Services that "[f]rom age 11 yo –15 yo, [Coin] molested [her]."  And in her forensic interview, she relayed two specific instances of abuse that occurred "over the course of a year" when she was in the eighth grade— when Coin was 16 or 17.

Victim first described an incident that occurred the night before one of her eighth-grade STAAR exams.[2]  A law enforcement detective determined that based on the Texas Education Agency's calendar for STAAR exams, Victim's STAAR testing had occurred in the latter part of the school year after Coin had turned 17.

Additionally, both Coin and Victim described an incident of sexual assault that occurred while they were playing Fortnite on Xbox in Coin's father's bedroom.  And

the victim").  To protect Victim's privacy, we refer to her using an alias.  *Cf.* Tex. R. App. P. 9.10(a)(3).

[2]STAAR refers to the State of Texas Assessment of Academic Readiness assessment program.  *See* Tex. Educ. Code § 39.0225 (providing for transition from STARR program to new program "beginning with the 2027–2028 school year").

upon investigation, a law enforcement detective learned that Fortnite had not been publicly released for Xbox until after Coin turned 17. Based on this evidence, the State indicted Coin for sexual assault of a child and several related criminal offenses that he was alleged to have committed after his 17th birthday. *See id.* §§ 8.07(b), 22.011(a)(2).

Trial Counsel was appointed to represent Coin, and as Trial Counsel later explained,[3] Coin confided in him that—although his confession to law enforcement had been limited to his juvenile offenses—he had sexually assaulted Victim after he turned 17 as well. According to Trial Counsel, Coin expressed his desire to be placed on probation rather than proceeding to trial, and Trial Counsel advised him of the greater likelihood of his receiving probation in the adult criminal system as opposed to the juvenile system given his videotaped confession of his juvenile offenses. Thus, "at [Coin's] behest," Trial Counsel pursued a plea bargain for probation on his adult criminal charges.

And, ultimately, Trial Counsel succeeded. In exchange for Coin's pleading guilty to sexual assault, the State agreed to recommend deferred adjudication community supervision on that charge and to dismiss all of Coin's related adult

---

[3]Trial Counsel's explanation came more than a year after his representation of Coin had ended, in response to Coin's allegations of ineffective assistance. *See infra* Section I.B.

4

criminal charges. Coin accepted the offer and signed plea paperwork confirming that he was entering into the plea bargain "knowingly, freely, and voluntarily."

## B. Habeas Application

But after a year of deferred adjudication community supervision, Coin soured on the plea bargain. He filed an application for writ of habeas corpus arguing that Trial Counsel had provided ineffective assistance by failing to investigate Fortnite's availability date, failing to move to transfer the case to a juvenile court's jurisdiction on that basis, and failing to advise Coin regarding the jurisdictional and evidentiary significance of his age. *See* Tex. Code Crim. Proc. art. 11.072 (providing habeas procedure for community supervision cases); *Ex parte Roberts*, No. 02-25-00308-CR, 2025 WL 3683998, at *4 (Tex. App.—Fort Worth Dec. 18, 2025, no pet.) (mem. op., not designated for publication) (explaining that "[a]n individual may challenge the legal validity of an order imposing community supervision by applying for a writ of habeas corpus").

Coin produced evidence—an affidavit from an investigator specializing in digital forensics—showing that Fortnite had been available before his 17th birthday "exclusively on PC/Mac" for certain "Alpha and Beta" testers who received an invitation from the game's developer.[4] Coin argued that Fortnite's release date was the State's "singular" evidence that he had committed sexual assault after his 17th

---

[4]The investigator noted that PC users could have used compatible Xbox controllers to "play on the PC as though they [we]re playing on an Xbox."

birthday, so if Trial Counsel had exposed the flaw in this evidence by investigating Fortnite's prerelease availability, he could have prevailed on a motion to transfer the case to a juvenile court's jurisdiction. Coin asserted that Trial Counsel had failed to take these actions and that such failures caused his case to be prosecuted in the wrong jurisdiction—the adult criminal court. In addition, Coin asserted that Trial Counsel had failed to adequately advise him of the jurisdictional and evidentiary significance of his age, rendering his plea involuntary because had he been properly advised, he would have proceeded to trial rather than accepting the State's plea bargain offer.

Both the State and Trial Counsel responded. *See* Tex. Code Crim. Proc. art. 11.072, § 5(b). The State

- cited Victim's and Coin's statements that "they were playing Fortnite on an Xbox gaming system" at the time of the relevant assault and noted that Coin's investigator had averred that Fortnite's prerelease availability was limited to "PC/Mac" and that the game was not available for Xbox prior to Coin's 17th birthday;

- highlighted that Coin "d[id] not even claim that he was an alpha or beta tester of Fortnite" anyway, much less offer evidence showing as much; and

- argued that, regardless, the Fortnite-related evidence was not the only evidence that Coin had committed sexual assault after he had turned 17 because Victim had also described a separate assault occurring the night before her eighth-grade STAAR test.

Trial Counsel, meanwhile, verified that

- Coin had admitted to him that he had sexually assaulted Victim after he had turned 17;

- Coin had expressed a desire "to be assessed a probation"—"[t]rial was not then a goal of [Coin's]";

6

- Trial "Counsel had related to [Coin] how his age at the time of the offenses . . . w[as] relevant to either or both a Juvenile and 'adult' prosecution, and that [Trial] Counsel did not think [a j]uvenile prosecution would result in a probation," which was what Coin had said he wanted;

- Trial Counsel and Coin had discussed the strength of the State's case regarding Coin's juvenile offenses and the likely outcome of a juvenile trial;

- The deferred adjudication plea bargain had been procured "at [Coin's] behest"; and

- Coin "kn[e]w the significance of his age at the time of the Indicted offenses" when he agreed to "the desired probation plea."

The habeas court[5] believed the State's evidence and Trial Counsel's verifications, and it adopted detailed findings of fact and conclusions of law stating as much. *See id.* art. 11.072, § 7(a). Based on those findings, the habeas court denied relief.

## II. Standard of Review

We review a habeas court's denial of relief for an abuse of discretion. *Roberts*, 2025 WL 3683998, at *4; *Ex parte Juara*, 643 S.W.3d 702, 712 (Tex. App.—Fort Worth 2021, pet. ref'd). When, as here, a habeas applicant claims that his trial counsel provided ineffective assistance, the applicant bears the burden to show by a preponderance of the evidence that among other things, his trial counsel's allegedly deficient performance prejudiced his defense. *Roberts*, 2025 WL 3683998, at *4–5; *Ex*

---

[5]The district court of conviction referred the habeas proceeding to a criminal law magistrate, and after the magistrate ruled, the district court adopted and ratified the magistrate judge's actions. *See* Tex. Gov't Code §§ 54.656(a)(4), .662(c).

*parte Johnson*, No. 02-25-00242-CR, 2025 WL 2736522, at *2 (Tex. App.—Fort Worth Sept. 25, 2025, no pet.) (mem. op., not designated for publication); *Rench v. State*, No. 02-23-00143-CR, 2024 WL 482232, at *4 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem. op., not designated for publication).

A trial counsel's failure to investigate—whether reasonable or not—does not prejudice a defendant's case unless "the investigation would have revealed [evidence] that reasonably could have changed the result of the case." *Roberts*, 2025 WL 3683998, at *6; *see Rench*, 2024 WL 482232, at *5 (noting that "[a] claim for ineffective assistance based on . . . [a] failure to investigate . . . fails absent a showing of what the investigation would have revealed that reasonably could have changed the result of the case"). And for much the same reason, a trial counsel's failure to file a pretrial motion does not prejudice a defendant's case unless the motion would have been meritorious.[6] *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Brown v. State*, No. 02-10-00452-CR, 2012 WL 335851, at *11 (Tex. App.—Fort Worth Feb. 2, 2012, no pet.) (per curiam) (mem. op., not designated for publication); *Deaver v. State*, 314 S.W.3d 481, 484 (Tex. App.—Fort Worth 2010, no pet.). Likewise, a trial counsel's alleged failure to advise on a given matter does not prejudice a defendant's case unless, but for the trial counsel's failure, the defendant would not have pleaded

---

[6]The motion's merit (or lack thereof) also factors into whether the trial counsel performed deficiently by failing to file it. *See Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) (order) (rejecting ineffective assistance complaint and noting that "a reasonably competent counsel need not perform a useless or futile act").

8

guilty and would have insisted on going to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999); *Roberts*, 2025 WL 3683998, at *4–5; *Johnson*, 2025 WL 2736522, at *2.

In assessing whether a habeas applicant has carried his burden, the habeas court "is the sole finder of fact." *Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021); *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013); *Roberts*, 2025 WL 3683998, at *4; *Johnson*, 2025 WL 2736522, at *2. We afford "almost total deference to [the habeas] court's factual findings when [they are] supported by the record, especially when those findings are based upon credibility and demeanor." *Guerrero*, 400 S.W.3d at 583; *see Johnson*, 2025 WL 2736522, at *2; *Juara*, 643 S.W.3d at 712. Such deference applies "even when no witnesses testify and all of the evidence is submitted through affidavits, depositions, or interrogatories." *Guerrero*, 400 S.W.3d at 583; *Roberts*, 2025 WL 3683998, at *4; *see Sanchez*, 625 S.W.3d at 144 ("Findings of historical fact made at the trial level [by the habeas court] are still given deference on appeal even when the findings are based solely on affidavits.").

### III. Discussion

Coin's two overlapping appellate complaints largely mirror the complaints he raised below.[7] He argues that Trial Counsel was ineffective by failing to investigate

---

[7]In both the habeas court and on appeal, Coin organizes his grounds for relief as (1) an assertion that Trial Counsel was ineffective for (a) failing to seek a transfer, (b) failing to investigate and (c) failing to adequately advise him; and (2) an assertion

9

the flaws in the State's Fortnite-related evidence, failing to move to transfer the case to the juvenile court's jurisdiction on the basis of such flaws, and failing to advise Coin of the jurisdictional and evidentiary significance of his age. According to Coin, Trial Counsel's first two failures caused the case to be prosecuted in the adult criminal court while his third failure "goaded" Coin into involuntarily accepting the State's plea bargain when he would have preferred to proceed to a jury trial.

But Coin's appellate arguments rely on his own version of the facts rather than those found by the habeas court.[8] And the habeas court's findings confirm that (1) even if Trial Counsel had investigated the Fortnite-related issue and moved to transfer the case on that basis, those efforts would not have been fruitful; and (2) Trial Counsel did, in fact, advise Coin of his age's significance, and regardless, such allegedly insufficient advice did not materially contribute to his plea decision.

---

that Trial Counsel's ineffectiveness rendered his plea involuntary. We restructure Coin's complaints for organizational purposes.

[8]Portions of Coin's brief attempt to expand beyond his original grounds for habeas relief and to add new legal arguments. He asserts, for example, that Trial Counsel provided deficient legal advice regarding the likely outcome of a trial and that some of the State's habeas evidence was inadmissible. Because Coin failed to raise these grounds below, they are not preserved for our review, and we need not address them. *See* Tex. R. App. P. 33.1(a) (requiring a timely, specific complaint in the trial court "[a]s a prerequisite to presenting [the] complaint for appellate review"); *Johnson*, 2025 WL 2736522, at *2 (noting in habeas appeal that defendant had failed to preserve appellate complaint by raising it in the habeas court).

10

## A.      Failures to Investigate or Move to Transfer

To prove that Trial Counsel provided ineffective assistance by failing to investigate Fortnite's prerelease availability and failing to move for a transfer on that basis,[9] Coin was required to show that such pursuits would have been fruitful. *See Roberts*, 2025 WL 3683998, at \*6; *Brown*, 2012 WL 335851, at \*11. And on appeal, Coin asserts that they would have been, relying on two factual premises: that the Fortnite-related incident was the only incident of adult sexual assault supporting his indictment and that Fortnite's prerelease availability called the date of that incident into question. But the habeas court found the opposite.

The habeas court found—and the record confirms—that Victim had "described an instance of sexual assault which occurred the day before STAAR testing in her eighth-grade year, which occurred after [Coin's] seventeenth birthday, [so] there was evidence that [he] was an adult at the time of the alleged offenses beyond the release date of Fortnite." Thus, separate and apart from the Fortnite-related incident, the State had other evidence that Coin had committed sexual assault after his 17th birthday.

---

[9]Coin's argument assumes that as a general matter, a motion challenging an adult criminal court's jurisdiction under Article 4.18 of the Code of Criminal Procedure is appropriate when the State relies on weak evidence of the offense date. *See generally* Tex. Code Crim. Proc. art. 4.18. The State disagrees with this application of Article 4.18. We need not address the issue, though, because either way, the habeas court found that the State's evidence of Coin's age was not as weak as Coin alleged. *See* Tex. R. App. P. 47.1.

11

Moreover, the habeas court found—and the record confirms—that even as to the Fortnite-related incident, the game's limited prerelease availability was inapposite. Coin's investigator averred that Fortnite's prerelease availability was "exclusively on PC/Mac," and as the habeas court noted, both Victim and Applicant recalled the Fortnite-related sexual assault occurring while they "played Fortnite on an Xbox gaming system"—there was "no evidence that [Coin] and Victim played Fortnite together on any platform other than Xbox."[10]

Without these two faulty factual premises, Coin did not and does not show that Trial Counsel's failure to investigate or move for a transfer prejudiced his case. Even if Trial Counsel had investigated Fortnite's prerelease availability for "PC/Mac," such discovery would not have undermined the State's evidence, much less supported a challenge to the adult criminal court's jurisdiction. *Cf. Rench*, 2024 WL 482232, at *5 (rejecting defendant's argument that trial counsel provided ineffective assistance by failing to investigate defendant's mental health history when defendant failed to show that such investigation would have produced outcome-changing evidence); *Brown*, 2012 WL 335851, at *11 (reiterating that "to establish that counsel was ineffective for . . . failing to file a motion . . . , the appellant must first show that the motion would have been granted"); *Deaver*, 314 S.W.3d at 484–87 (rejecting defendant's ineffective assistance complaint based on trial counsel's failure to file a motion to

---

[10]Moreover, as the habeas court also found, there was "no evidence" that either Coin or Victim "was involved in any of the testing phases of Fortnite."

12

suppress because defendant could not demonstrate that the motion would have been successful).

We overrule these portions of Coin's appellate issues.

## B. Failure to Advise

Coin's appellate complaints regarding Trial Counsel's other alleged failure are even more dependent on faulty factual premises. Coin insists that Trial Counsel failed to advise him regarding the jurisdictional and evidentiary significance of his age, thereby "goad[ing]" him into accepting an involuntary plea bargain when he would have preferred to proceed to trial.

But as previously discussed, the habeas court's findings confirmed that Coin's age did not have the evidentiary or jurisdictional significance that Coin claimed it did. Again, there was evidence that Coin had committed sexual assault after he turned 17—both on the night before Victim's eighth-grade STAAR test and while he and Victim were playing Fortnite on Xbox—and Trial Counsel verified that Coin had privately admitted as much. So, to the extent that Coin argues Trial Counsel should have advised him regarding the alleged flaws in the State's Fortnite-related evidence and the effects of such flaws on the adult criminal court's jurisdiction, that advice would have been either inconsequential—in keeping with the investigation and motion—or erroneous—if Trial Counsel had advised differently. *See supra* Section III.A.

13

Moreover, the habeas court found, and Trial Counsel verified, that Trial Counsel had, in fact, "informed [Coin] of the significance of his age at the time of the offenses indicted."

Plus, the habeas court also found that Coin "did not want to go to trial on the charges alleged in the indictment" anyway. Rather, the habeas court believed Trial Counsel's verification that Coin's "primary goal was to get probation."

In sum, Coin not only failed to show that his age was consequential and that Trial Counsel failed to advise him on the issue, but he also failed to demonstrate that but for Trial Counsel's alleged failure, he would have rejected the plea bargain offer that gave him his desired outcome—deferred adjudication community supervision— and insisted on an outcome he did not want—a jury trial. *See Moody*, 991 S.W.2d at 858 (holding defendant showed prejudice but noting that "not every reliance on erroneous advice is sufficient to justify rendering the plea vulnerable to collateral attack"); *Roberts*, 2025 WL 3683998, at *5 (explaining that, "[t]o establish prejudice when an applicant claims counsel's alleged deficient performance resulted in a guilty plea, the applicant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

We overrule these final portions of Coin's appellate complaints.

## IV. Conclusion

The habeas court is the "sole finder of fact," *Sanchez*, 625 S.W.3d at 144; *Johnson*, 2025 WL 2736522, at *2, and its fact findings are both supported by the

14

record and fatal to Coin's appellate complaints. We affirm the habeas court's order denying relief. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 21, 2026

15